### DURANTE v. RAIMON et al.

(Supreme Court, Appellate Term. March 5, 1909.)

1. MASTER AND SERVANT (§ 70*)—CONTRACTS OF EMPLOYMENT—CONSTRUCTION—COMPENSATION OF EMPLOYÉ.

A contract of employment as salesman for a specified time provided that the salesman's commissions should be based on 4 per cent. on his net sales, allowing him a drawing of $60 per week, commission in excess of that, if any, to be paid at the expiration of the agreement. *Held*, that the company's new contract was not $60 per week and commissions, but commissions at 4 per. cent. on net sales, with the privilege of a drawing account.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 70.*]

2. MASTER AND SERVANT (§ 35*)—WRONGFUL DISCHARGE—REMEDY.

On wrongful discharge of a salesman whose compensation was commissions on net sales, his claim rests on damage from wrongful discharge, and not for wages, unless for wages actually earned.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 41; Dec. Dig. § 35.*]

Appeal from City Court of New York, Trial Term.

Action by Alfred W. Durante against Albert Raimon and another. From a judgment dismissing the complaint, plaintiff appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and MacLEAN and DAYTON, JJ.

---

Louis M. Brodsky, for appellant.
Olcott, Gruber, Bonynge & McManus, for respondents.

MacLEAN, J.   The plaintiff claimed damages for wrongful discharge by the defendants, who, by writing, had engaged his services as a salesman from April 30, 1907, to October 20, 1908, and had discharged him, as he says and as we may assume, for the defendants offered no evidence thereon, without cause on February 1, 1908.   The writing provided for compensation as follows:

"Your earnings to be based on four per cent. (4%) on your net sales, discounts and bad debts deducted, allowing you a drawing of sixty dollars per week, and commission in excess, if any, to be paid you at the expiration of the present agreement."

This compensation is not $60 per week and commissions, but commissions at 4 per cent. on net sales after the deduction of discounts and bad debts, with the privilege of a drawing account.   Upon his discharge, if wrongful, his claim rested in damage, and not for wages, unless for wages actually earned (Howard v. Daly, 61 N. Y. 362, 19 Am. Rep. 285); and the prima facie measure thereof would be the amount of compensation promised to be paid for the unexpired period.   The dismissal herein was proper, because the case is absolutely barren of proof of any loss suffered by the plaintiff, or of any commission capable of being earned.   For aught that appears from the record, the plaintiff may have measurably overdrawn the amount of his commissions, which were and are the basis of his compensation, and not the $60 per week which he was permitted to draw on account thereof, and which necessarily ceased when his employment was ended.   The judgment must therefore be affirmed.

Judgment affirmed, with costs.   All concur.